UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FARHAD HASHEMIAN,

    PLAINTIFF

v.

LOUISVILLE REGIONAL AIRPORT
AUTHORITY,
C.T. MILLER,
MICHAEL BURRIS,
JANET BARROW, and
KAREN SCOTT,

    DEFENDANTS.

CIVIL ACTION NO. 3:09-CV-951-R

FILED ELECTRONICALLY

**MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY DISCOVERY**

    Defendants, Louisville Regional Airport Authority, C.T. Miller, Michael Burris, Janet Barrow, and Karen Scott, by counsel, submit the following memorandum in support of their motion to stay discovery pursuant to Fed. R. Civ. P. Rule 26(c) and (d)(1).

**INTRODUCTION**

    On December 12, 2009, Plaintiff filed this suit bringing claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., and Kentucky common law.  On January 5, 2010, Defendants filed a partial motion to dismiss many of Plaintiff's claims.  Although the motion to dismiss is still being briefed by the parties, Plaintiff's counsel served Defendant Louisville Regional Airport Authority (the "Authority") with an open records request on February 2, 2010 pursuant to the Kentucky Open Records Act, K.R.S. §§ 61.872-61.884,

attached as Exhibit 1. This request was served directly to the Authority's public relations department.

The information sought in the open records request relates to the scope of this litigation and is being used in lieu of the discovery procedures under the Fed. R. Civ. P. The Kentucky Open Records Act imposes stricter timelines on the Authority for responding to requests than the Fed. R. Civ. P., giving it only three days to respond. *See* K.R.S. § 61.872. Thus, as a result of the open records request, Defendants are briefing a motion to dismiss, as well as having to respond to a request on behalf of the Plaintiff, which is obviously designed to circumvent the discovery process in this court.

If granted, the partial motion to dismiss will dispose of many of Plaintiff's claims and could significantly reduce the scope of discovery. Defendants accordingly bring the present motion to stay all discovery, including that under the Kentucky Open Records Act, pending resolution of the partial motion to dismiss.

## **ARGUMENT**

### A.   Discovery May be Stayed During the Pendency of a Dispositive Motion

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." However, upon a showing of good cause, the Court has discretion to stay discovery to "protect a party" from "undue burden or expense." Fed. R. Civ. P. 26(c); *see also Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"). Where good cause is shown, the rule expressly permits the Court to limit the scope of discovery in an action, including prohibiting certain discovery altogether or allowing discovery only into certain matters. Fed. R. Civ. P. 26(c).

Although filing a motion to dismiss does not automatically "mandate a stay of discovery pending resolution of that motion, . . . the right to discovery [also does not] invariably continue in light of a pending dispositive motion." *Bodnar v. John Hancock Funds, Inc.*, 2007 U.S. Dist. LEXIS 39856, *6-7 (N.D. Ind. May 30, 2007). Instead, the determination to stay discovery is based upon the individual case, and whether the facts requested in discovery are relevant to the dispositive issues in question. *Hahn*, 190 F.3d at 719-20.

**B.    Good Cause Exists to Stay Discovery in the Present Matter**

As set forth in the Defendants' partial motion to dismiss, many of Plaintiffs' claims are not viable as a matter of law, and no amount of factual discovery will change this. "Discovery is not justified when cost and inconvenience will be its sole result." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). Moreover, the Court "should not hesitate to exercise appropriate control over the discovery process" to prevent the undue cost and inconvenience resulting from burdensome, and potentially futile, discovery requests. *Hyundai Merchant Marine Co. Ltd v. United States*, 159 F.R.D. 424, 429 (S.D.N.Y. 1995).

Defendants seek a stay of discovery until the court determines which of Plaintiff's claims will proceed after ruling on Defendants' partial motion to dismiss and the parties have conferred as required by Fed. R. Civ. P. 26(f). After the court rules on Defendants' partial motion to dismiss, Defendants intend to provide responses or objections to Plaintiff's appropriate discovery requests. At this point, however, factual discovery by Plaintiff, whether made through the federal discovery rules or through open records requests, will have no bearing on his response to Defendants' partial motion to dismiss. The motion to dismiss raises issues that are legal, not factual, in nature.

Therefore, information acquired through discovery will not affect the current status of Plaintiff's causes of action, nor will it affect Defendants' partial motion to dismiss. There is no

genuine argument that Plaintiff will somehow be prejudiced by a lack of factual discovery at this time. Indeed, the only prejudice is that which would be suffered by Defendants if they are forced to respond to open records requests without knowing which, if any, of Plaintiffs' claims will even survive the partial motion to dismiss. This is particularly true given Plaintiff's indication that he will be amending his complaint. *See* Response Brief, p.1. In addition, permitting the open records request discovery will increase both cost and inconvenience to Defendants, as it will compel them to respond under a stricter timeframe imposed by Kentucky's open records laws, and it may be required to respond to subsequent similar discovery requests in the future.

**C.     Plaintiff's Current Open Records Request Violates Fed. Rule Civ. Proc. (26)(d)(1)**

Fed. R. Civ. P. 26(d)(1) states: "A party may not seek discovery from any source before the parties have conferred as requested by Rule 26(f), except in a proceeding exempt from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." *See also Phillips v. UPS*, 2009 U.S. Dist. LEXIS 59538, (discovery was premature under Rule 26(d)(1) even after motions to dismiss were resolved because the parties had not yet conferred under Rule 26(f)).

This is not a matter exempt from initial disclosures under Rule 26(a)(1)(B). There has been no stipulation or Court order allowing discovery before the parties' Rule 26(f) planning conference. Plaintiff can cite to no federal rule which would allow discovery to begin in this matter prior to the Rule 26(f) conference. Rather, this is a case in which the Defendants have appropriately filed a partial motion to dismiss, prior to any orders from the Court requesting initial disclosures or the planning conference.

The parties are still in the process of briefing the motion to dismiss. Plaintiff has indicated he will be filing an amended complaint. Defendants may well file another motion to dismiss regarding Plaintiff's amended claims. In short, it may be weeks before this matter is

fully briefed, and decided by the Court.  Therefore, it may be weeks before any order from the Court is issued regarding a Rule 26(f) conference.  Plaintiff should not be allowed to use the Kentucky Open Records Act to obtain discovery while the motion to dismiss is pending.  Thus, Defendants are entitled to an order staying any discovery, including through the Kentucky Open Records Act.

## CONCLUSION

Discovery will not aid Plaintiffs in responding to the partial motion to dismiss.  In addition, Plaintiff's attempt to obtain factual discovery through the Kentucky Open Records Act is in violation of Fed. R. Civ. P. 26(d)(1).  Accordingly, Defendants respectfully request that this Court grant its Motion to Stay Discovery pending the resolution of the Defendants' partial motion to dismiss and after the parties have conferred as required by Fed. R. Civ. P. 26(f), including Plaintiff's current open records request under the Kentucky Open Records Act.

/s/ Shannon Antle Hamilton
Shannon Antle Hamilton
shamilton@stites.com
Karen M. Paulin
kpaulin@stites.com
Rebecca A. Weis
rweis@stites.com
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
COUNSEL FOR DEFENDANTS, LOUISVILLE REGIONAL AIRPORT AUTHORITY, C.T. MILLER, MICHAEL BURRIS, JANET BARROW, AND KAREN SCOTT

## CERTIFICATE OF SERVICE

  I hereby certify that on the 5th day of January, 2010, I electronically filed the foregoing Partial Motion to Dismiss, the Supporting Memorandum, and Order with the clerk of the court via filing with the Western District of Kentucky ECF system and mailed hard copies via United States Mail to the following:

  Deborah Y. Payton
  1091 Baxter Avenue
  Louisville, KY 40204
  Telephone: (502) 583-3365
  COUNSEL FOR PLAINTIFF

                */s/ Shannon Antle Hamilton*
                Shannon Antle Hamilton

772030:1:LOUISVILLE