UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Case No. 3:09-CV-951-R

**FARHAD HASHEMIAN**                                                                      **PLAINTIFF**

v.

**LOUISVILLE REGIONAL AIRPORT
AUTHORITY,** *et al.*                                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Vacate, Alter, or Amend this Court's Judgment pursuant to Federal Rule of Civil Procedure 60(b). (DN 109.) Defendants have responded, (DN 112), and Plaintiff has replied. (DN 113.) This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Vacate, Alter, or Amend is DENIED.

## BACKGROUND

The factual and procedural underpinnings of this case are more fully described in the memorandum opinion of April 26, 2013. (DN 105.) In that opinion, the Court granted summary judgment in full to the Louisville Regional Airport Authority and individual defendants C.T. Miller, Michael Burris, Janet Barrow, Karen Scott, and Steve Perry.[1] Plaintiff, Farhad Hashemian, an American citizen of Iranian national origin,[2] now asks the Court to vacate its ruling on all claims addressed therein, including national origin discrimination under Title VII,

---

[1] The Court refers to them collectively as "the Defendants."
[2] The Court's prior opinion refers to Plaintiff as "an Iranian." Plaintiff notes that he "has been a naturalized American for over Two (2) decades and is proud of his American nationality." (Pl.'s Mot. to Amend, 4, DN 109.) The Court acknowledges that the correct characterization of Plaintiff is as an "American of Iranian national origin."

retaliation under Title VII, retaliation under the Family Medical Leave Act ("FMLA"), unreasonable search under the Fourth Amendment, and invasion of privacy by unreasonable intrusion upon seclusion.

## STANDARD

Plaintiff brings his motion "pursuant to the Rule 60 of Federal Rules of Civil Procedure" but he titles his motion as one to vacate, amend, or alter, which suggests a motion under Rule 59(e) to alter or amend a judgment.[3] Fed. R. Civ. P. 59(e). Rule 59(e) requires that a motion to alter or amend a judgment "be filed no later than 28 days after the entry of the judgment." *Id.* Here, Plaintiff's motion was filed on May 25, 2013, exactly 28 days after this Court issued its April 26 Memorandum Opinion. When a party files a motion to reconsider a final order or judgment within the time frame specified in Rule 59(e), the Sixth Circuit generally considers the motion to be brought pursuant to that rule. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). Moreover, "the standard for granting a Rule 60(b) motion is higher than the standard for a Rule 59(e) motion." *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008). Therefore, the Court will give Plaintiff the benefit of the more lenient standard in analyzing his motion.[4]

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues,"

---

[3] This uncertainty is further compounded by the fact that Plaintiff does not explicitly ground his arguments in either standard.

[4] This is also the standard of which the Court informed Plaintiff in its May 10 Order denying his Motion to Exceed the Page Limitation. (DN 108.) Therefore the Court can be confident that Plaintiff, proceeding *pro se*, was aware of this standard when he submitted the instant motion.

*White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## DISCUSSION

### I. Defendants' Non-Compliance with Court-Ordered Deadline

The Court's August 23, 2012, Amended Scheduling Order sets a dispositive motion deadline for January 1, 2013. (DN 68.) Plaintiff contends that because Defendants' Motion for Summary Judgment was filed on January 2, 2012, "the SJM should be denied as a matter of law and due to non-compliance with the Court Ordered Filing Deadline." (DN 109 at 2.) Defendants argue that,

because January 1 is a legal holiday, their January 2 motion was timely filed. *See* Fed. R. Civ. P. 6(a). As Plaintiff correctly points out, the time-computation provisions of subdivision (a) apply only when a time period must be computed. *See* Fed. R. Civ. P. 6 advisory committee notes, 2009 amendments (citing *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005). The Sixth Circuit has explicitly held that "[t]he language of Rule 6(a) does not address situations where litigants are required to file papers on a particular, stated, calendar date." *Violette*, 427 F.3d. at 1018.

Although Plaintiff has correctly pointed out that Defendants' motion was untimely filed by one day, the Court will not disturb its judgment on this ground for two reasons. First, the Sixth Circuit has held that Rule 6 is a "claim-processing" rule and not jurisdictional; thus, where timely raised, Rule 6 provides an affirmative defense to untimely filings, but the defense may be forfeited if not timely raised. *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466 (6th Cir. 2007). Plaintiff did not address the untimely filing of Defendants' motion in his response or either of his motions to strike.[5] Thus, by failing to timely raise it, Plaintiff waived any argument that Defendants' motion for summary judgment was filed after this Court's deadline. Second, Plaintiff has not shown how Defendants' one-day delay in filing their motion for summary judgment obligates this Court to vacate its previous order under Rule 59(e). This information is not newly discovered, nor has relevant Sixth Circuit case law on the matter recently changed. Because Plaintiff did not raise the issue of untimeliness in his response, therefore waiving it, there is no clear error of law to rectify. Finally, the Court does not find its consideration of Defendants' motion manifestly unjust. As Plaintiff's 64-page response and two subsequent

---

[5] On page 7 of his response, Plaintiff does note that Defendants filed their *affidavits* after the Court-ordered deadline passed. However, Plaintiff did not mention Defendants' motion for summary judgment, nor did he request the Court disregard the affidavits as untimely. Rather, he requested the Court disregard them to the extent they contradicted Defendants' Answer. (DN 75.) This does not affect the Court's ruling that Plaintiff has waived his argument.

motions to strike illustrate, Plaintiff was more than able to adequately respond to Defendants' arguments and, therefore, was not prejudiced by Defendants' one-day filing delay.

## II.   Plaintiff's Substantive Arguments

Plaintiff's motion asks this Court to reconsider its ruling in its entirety. However, rather than ground his arguments in any of the bases for reconsideration under Rule 59(e), Plaintiff by and large presents his original arguments against summary judgment anew, often citing his original response in support of his arguments here. For example, Plaintiff concedes that he introduces no new evidence, but asserts that his evidence "must not have been read and weighed by this Court" (DN 113) and notes that his arguments "have all been documented in the plaintiff's pleadings however, they did not seem to have resonated with this Court." (DN 109.)

The gist of Plaintiff's argument is that the Court's opinion was wrongly decided. Again, the Court notes that where "a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit", *Hitachi Med. Sys. Am., Inc.*, 2010 WL 2836788 at *1, and the Court declines to rescind its opinion because Plaintiff feels it was wrongly decided.

The Court will briefly address one over-arching theme throughout Plaintiff's motion. Plaintiff argues that the Court improperly resolved factual ambiguities in Defendants' favor. Certainly, in determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). A party cannot rely on conjecture or

conclusory statements but instead "must be able to show sufficient probative evidence [that] would permit a finding in [his] favor." *Lewis v. Phillip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (alterations in original) (internal quotation marks omitted); *see also Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996) ("[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment."), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012). In reaching its April 26 decision, the Court followed these principles. It is the Plaintiff's position that the Court did not; however, such an argument is one to make on appeal, not in the instant motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate, Alter, or Amend, (DN 109), is DENIED.


Date:


CC: Plaintiff, *pro se*
      Counsel